UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT A. JOHNSON, NAI QUI LIU and DOES 1-10,<br><br>　　　　Defendants. | No.  CIV 13-2488 LKK/EFB |

**STATUS (PRETRIAL SCHEDULING) CONFERENCE**

　　READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

　　Pursuant to court order, a Status (Pretrial Scheduling) Conference was held in chambers on February 24, 2014.  Phyl Grace appeared telephonically as counsel for plaintiff; Cris C. Vaughan appeared telephonically as counsel for Robert A. Johnson and John

1

Khoo appeared as counsel for Nai Qui Liu. After hearing, the court makes the following findings and orders:

### SERVICE OF PROCESS

All parties have been served and no further service is permitted except with leave of court, good cause having been shown.

### JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

### JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343, 1367 and 42 U.S.C. § 1357, is undisputed, and is hereby found to be proper, as is venue.

### FICTITIOUSLY-NAMED DEFENDANTS

This action, including any counterclaims, cross-claims, and third-party complaints is hereby DISMISSED as to all DOE or other fictitiously-named defendants.

### MOTION HEARING SCHEDULES

All law and motion except as to discovery is left open, save and except that it shall be conducted so as to be completed by **July 1, 2015.** The word "completed" in this context means that all law and motion matters must be **heard** by the above date. Because this date is not necessarily a date previously set aside for law and motion hearings, it is incumbent upon counsel to contact this court's courtroom deputy, Ana Rivas at (916) 930-4133, sufficiently in advance so as to ascertain the dates upon

1  which law and motion will be heard and to properly notice its
2  motion for hearing before that date. Counsel are cautioned to
3  refer to Local Rule 230 regarding the requirements for noticing
4  such motions on the court's regularly scheduled law and motion
5  calendar. **Opposition or statement of non-opposition to all**
6  **motions shall be filed not later than 4:30 p.m. fourteen (14)**
7  **days preceding the hearing date, or by proof of service by mail**
8  **not less than seventeen (17) days preceding the hearing date.**
9  This paragraph does not preclude motions for continuances,
10 temporary restraining orders or other emergency applications, and
11 is subject to any special scheduling set forth in the
12 "MISCELLANEOUS PROVISIONS" paragraph below.
13     At the time of filing a motion, opposition, or reply,
14 counsel are directed to email a copy in word processing format to
15 lkk-pleadings@caed.uscourts.gov.
16     The parties should keep in mind that the purpose of law and
17 motion is to narrow and refine the legal issues raised by the
18 case, and to dispose of by pretrial motion those issues that are
19 susceptible to resolution without trial. To accomplish that
20 purpose, the parties need to identify and fully research the
21 issues presented by the case, and then examine those issues in
22 light of the evidence gleaned through discovery. If it appears
23 to counsel after examining the legal issues and facts that an
24 issue can be resolved by pretrial motion, counsel are to file the
25 appropriate motion by the law and motion cutoff set forth supra.
26     **Unless prior permission has been granted, memoranda of law**
27 **in support of and in opposition to motions are limited to thirty**
28 **(30) pages, and reply memoranda are limited to fifteen (15)**

1 **pages.  The parties are also cautioned against filing multiple**
2 **briefs to circumvent this rule.**
3     Where the parties bring motions for summary judgment, the
4 court  will deem facts which are apparently undisputed as
5 undisputed  under Fed. R. Civ. P. 56(e), unless specifically
6 reserved  and that party tenders evidence to support the
7 reservation.
8     <u>ALL</u>  PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY
9 PRETRIAL  MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL
10 ORDINARILY  BE VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.
11 COUNSEL ARE CAUTIONED THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE
12 BEEN TENDERED TO THE COURT BY PRETRIAL MOTION MUST BE RESOLVED BY
13 THE  COURT AFTER LAW AND MOTION CUTOFF, FOR INSTANCE WHERE THE
14 ISSUE  IS JURISDICTION, SUBSTANTIAL SANCTIONS WILL BE LEVIED
15 AGAINST COUNSEL WHO FAIL TO TIMELY FILE AN APPROPRIATE MOTION.
16     Counsel  are further reminded that motions in limine are
17 procedural  devices designed to address the admissibility of
18 evidence.   COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH
19 DISFAVOR  UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF
20 MOTIONS IN LIMINE  AT THE TIME OF TRIAL.
21     **DISCOVERY**
22     No modifications of the discovery requirements found in the
23 Federal Rules is ordered.
24     All discovery is left open, save and except that it shall be
25 so  conducted as to be com<u>pleted by</u>    **May 1, 2015.**   The word
26 "completed" means that all discovery shall have been conducted so
27 that all depositions have been taken and any disputes relative to
28 discovery  shall have been resolved by appropriate order if

4

1  necessary and, where discovery has been ordered, the order has
2  been complied with.  Motions to compel discovery must be noticed
3  on the magistrate judge's calendar in accordance with the local
4  rules of this court and so that such motions will be heard not
5  later than **April 1, 2015**.  In this regard, all counsel are to
6  designate in writing and file with the court and serve upon all
7  other parties a final list of the names of all experts that they
8  propose to tender at trial not later than **sixty (60)** days before
9  the  close of discovery herein established.  All designated
10 experts shall submit written reports which counsel shall exchange
11 at the time of designation.  The contents of the report must
12 comply  with Fed. R. Civ. P. 26 (a)(2)(B).  All experts so
13 designated are to be fully prepared to render an informed opinion
14 at the time of designation so that they may fully participate in
15 any deposition taken by the opposing party.  Experts will not be
16 permitted to testify at the trial as to any information gathered
17 or  evaluated, or opinion formed, after deposition taken
18 subsequent to designation.
19    An expert witness not appearing on said lists will not be
20 permitted  to testify unless the party offering the witness
21 demonstrates:   (a) that the necessity of the witness could not
22 have  been reasonably anticipated at the time the lists were
23 exchanged;  (b) the court and opposing counsel were promptly
24 notified upon discovery of the witness; and (c) that the witness
25 was promptly proffered for deposition.
26    **MID-LITIGATION STATEMENTS**
27    Not  later than fourteen (14) days prior to the close of
28 discovery, all parties shall file with the court and serve on all

1  other parties a brief statement summarizing all law and motion
2  practice heard by the court as of the date of the filing of the
3  statement, whether the court has disposed of the motion at the
4  time the statement is filed and served, and the likelihood that
5  any further motions will be noticed prior to the close of law and
6  motion.  The filing of this statement shall not relieve the
7  parties  or counsel of their obligation to timely notice all
8  appropriate motions as set forth above.

**FINAL PRETRIAL CONFERENCE**

10      The Final Pretrial Conference is **SET** for **October 5, 2015, at
11  1:30  p.m.**   Counsel are cautioned that counsel appearing for
12  Pretrial will in fact try the matter.

13      Counsel for all parties are to be fully prepared for trial
14  at the time of the Pretrial Conference, with no matters remaining
15  to  be accomplished except production of witnesses for oral
16  testimony.   Counsel are referred to Local Rules 280 and 281
17  relating  to the contents of and time for filing Pretrial
18  Statements.   In addition to those subjects listed in Local Rule
19  281(b),  the parties are to provide the court with a plain,
20  concise  statement which identifies every non-discovery motion
21  tendered to the court, and its resolution.  A FAILURE TO COMPLY
22  WITH LOCAL RULES 280 AND 281 WILL BE GROUNDS FOR SANCTIONS.

23      The  parties shall file Separate Pretrial Statements, the
24  contents  and timing of which are set forth in Local Rule 281,
25  except  that the parties are to prepare a JOINT STATEMENT with
26  respect  to the undisputed facts and disputed factual issues of
27  the case.  See Local Rule 281(b)(3), (4), and (6).  The parties
28  are reminded to include in their joint statement all disputed and

6

1  undisputed special factual information as required by Local Rule
2  281(b)(6). Notwithstanding the provisions of Local Rule 281, the
3  Joint Statement of Undisputed Facts and Disputed Factual Issues
4  is to be filed with the court concurrently with the filing of
5  plaintiff's Pretrial Statement.
6  The undisputed facts and disputed factual issues are to be
7  set forth in two separate sections. In each section, the parties
8  should identify first the general facts relevant to all causes of
9  action. After identifying the general facts, the parties should
10 then identify those facts which are relevant to each separate
11 cause of action. In this regard, the parties are to number each
12 individual fact or factual issue. Where the parties are unable
13 to agree as to what factual issues are properly before the court
14 for trial, they should nevertheless list in the section on
15 "DISPUTED FACTUAL ISSUES" all issues asserted by any of the
16 parties and explain by parenthetical the controversy concerning
17 each issue. Each individual disputed fact or factual issue shall
18 include the following introductory language: "Whether or not . .
19 . ." The parties should keep in mind that, in general, each fact
20 should relate or correspond to an element of the relevant cause
21 of action. If the case is tried to a jury, the undisputed facts
22 will be read to the jury.
23 Pursuant to Local Rule 281(b)(10) and (11), the parties are
24 required to provide in their Pretrial Statements a list of
25 witnesses and exhibits that they propose to proffer at trial, no
26 matter for what purpose. These lists shall not be contained in
27 the Pretrial Statement itself, but shall be attached as separate
28 documents to be used as addenda to the Final Pretrial Order.

1 | Plaintiff's exhibits shall be listed **numerically**; defendant's
2 | exhibits shall be listed **alphabetically**.  In the event that the
3 | alphabet is exhausted, defendant's exhibits shall be marked "2A-
4 | 2Z, 3A-3Z, etc."  The Pretrial Order will contain a stringent
5 | standard for the proffering of witnesses and exhibits at trial
6 | not listed in the Pretrial Order.  Counsel are cautioned that the
7 | standard will be strictly applied.  On the other hand, the
8 | listing of exhibits or witnesses which counsel do not intend to
9 | call or use will be viewed as an abuse of the court's processes.
10 |     Pursuant to Local Rule 281(b)(12), a party is required to
11 | provide a list of all answers to interrogatories and responses to
12 | requests for admission that the party expects to offer at trial.
13 | This list should include only those documents or portions thereof
14 | which the party expects to offer in its case-in-chief.  Unless
15 | otherwise barred by a rule of evidence or order of this court,
16 | the parties remain free to tender appropriate discovery documents
17 | during  trial for such purposes as, but not limited to,
18 | impeachment or memory refreshment.
19 |     Pursuant to Local Rule 281(b)(8), the parties' Pretrial
20 | Statements shall contain a "statement of legal theory, etc."
21 | Each party shall commence this section by specifying as to each
22 | claim whether federal or state law governs, and if state law, the
23 | state whose law is applicable.
24 |     Counsel are also reminded that, pursuant to Fed. R. Civ. P.
25 | 16, it will be their duty at the Pretrial Conference to aid the
26 | court in (a) formulation and simplification of issues and the
27 | elimination of frivolous claims or defenses; (b) settling of
28 | facts which should be properly admitted; and (c) the avoidance of

8

unnecessary proof and cumulative evidence.  Counsel must prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with these aims in mind.  A FAILURE TO DO SO MAY  RESULT IN THE IMPOSITION of SANCTIONS which may include monetary  sanctions, orders precluding proof, eliminations of claims  or defenses, or such other sanctions as the court deems appropriate.

**TRIAL SETTING**

Trial is **SET** for **January 12, 2016**, at 10:30 a.m.  Trial will be by jury.  The parties represent in good faith that the trial will take approximately five (5) days.

**SETTLEMENT CONFERENCE**

A  Settlement Conference will be set before a judge other than the trial judge at the time of the Pretrial Conference.

Counsel  are cautioned to have a principal capable of disposition present at the Settlement Conference or to be fully authorized  to settle the matter on any terms and at the Settlement Conference.

**MISCELLANEOUS PROVISIONS**

The parties are reminded that pursuant to Fed. R. Civ. P. 16(b),  the Status (pretrial scheduling) Order  **shall not be modified except by leave of court upon a showing of good cause.** Counsel are cautioned that changes to any of the scheduled dates will  necessarily result in changes to all other dates.  Thus, even where good cause has been shown, the court will not grant a request to change the discovery cutoff date without modifying the pretrial and trial dates.

**Agreement by the parties pursuant to stipulation does not**

1  **constitute good cause.  Nor does the unavailability of witnesses**
2  **or counsel, except in extraordinary circumstances, constitute**
3  **good cause.**
4      The parties are reminded of their continuing obligation to
5  supplement their statements relative to the identification of
6  parent corporations and any publicly held company that owns 10%
7  or more of the party's stock within a reasonable time of any
8  change in the information.
9      The parties are admonished that they are not to cite or
10 refer to any of the quotations inscribed in the pavers on the
11 front plaza of the United States Courthouse in any written or
12 oral presentation to the court or a jury.
13     There appear to be no other matters presently pending before
14 the court that will aid the just and expeditious disposition of
15 this matter.
16     IT IS SO ORDERED.
17     DATED:  February 24, 2014.

_/s/ Lawrence K. Karlton_
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT